# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE STECHERT and MARIE STECHERT, on behalf of themselves and all others similarly situated**<br><br>Plaintiffs,<br><br>v.<br><br>**THE TRAVELERS HOME AND MARINE INSURANCE COMPANY AND THE TRAVELERS COMPANIES, INC. TRAVELERS PROPERTY AND CASUALTY COMPANIES AND TRAVELERS INDEMNITY COMPANY**<br><br>Defendants. | Civil Action<br><br>No. 17-cv-00784-JCJ<br><br>PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT & DIRECTING ISSUANCE OF NOTICE |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT & DIRECTING ISSUANCE OF NOTICE

Plaintiffs, KYLE and MARIE STECHERT, on behalf of themselves and the proposed Settlement Class, and Defendants THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, THE TRAVELERS COMPANIES, INC., TRAVELERS PROPERTY AND CASUALTY COMPANY, and TRAVELERS INDEMNITY COMPANY, and additional settling parties AMERICAN EQUITY SPECIALTY INSURANCE COMPANY, DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, FARMINGTON CASUALTY COMPANY, FIDELITY AND GUARANTY INSURANCE COMPANY, FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC., NORTHLAND CASUALTY COMPANY, NORTHLAND INSURANCE COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, ST. PAUL GUARDIAN INSURANCE COMPANY, ST. PAUL MERCURY INSURANCE COMPANY, ST. PAUL PROTECTIVE INSURANCE COMPANY, THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, THE

CHARTER OAK FIRE INSURANCE COMPANY, THE PHOENIX INSURANCE COMPANY, THE STANDARD FIRE INSURANCE COMPANY, THE TRAVELERS CASUALTY COMPANY, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVCO INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY COMPANY OF CONNECTICUT, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, TRAVELERS COMMERCIAL CASUALTY COMPANY, TRAVELERS COMMERCIAL INSURANCE COMPANY, TRAVELERS CONSTITUTION STATE INSURANCE COMPANY, TRAVELERS PERSONAL INSURANCE COMPANY, TRAVELERS PERSONAL SECURITY INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, CONSUMERS COUNTY MUTUAL, FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC., and FIRST FLORIDIAN AUTO AND HOME INSURANCE COMPANY (collectively, "Defendants" or "Travelers"), all acting by and through their respective counsel, have agreed, subject to Court approval following sending of the Class Notice to the Settlement Class and a hearing, to settle this Action upon the terms and conditions in the Stipulation of Settlement, (also sometimes referred to as the "Agreement"), filed with the Court on May 27, 2021; and

The Parties have made an application pursuant to Fed. R. Civ. P. 23 for preliminary approval of the Settlement of this Action, as set forth in the Agreement; and

The Court has read and considered the Agreement and the exhibits thereto and has read and considered all other papers filed and proceedings had herein, and is otherwise fully informed, and with good cause appearing,

IT IS HEREBY ORDERED:

1.    This Preliminary Approval Order incorporates by reference the definitions in the Stipulation of Settlement and Settlement Agreement attached to the motion for preliminary approval.

2.    The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Named Plaintiffs, all Settlement Class Members and Defendants.

3.    On January 16, 2017 Plaintiffs commenced this putative class action against Defendants by filing a class-action complaint in the Court of Common Pleas for Philadelphia in the Commonwealth of Pennsylvania, which was assigned Case Number 170102162.

4.    Defendants removed the action to this Court on February 17, 2017 under the Class Action Fairness Act, 28 U.S.C. § 1332.

5.    Plaintiffs' complaint arose out of Defendants' handling of first party Extended Transportation Expense ("ETE") claims for insureds under automobile policies issued in the Commonwealth of Pennsylvania.

6.    Plaintiffs allege that Defendants failed to satisfy Policy conditions necessary to limit ETE benefit coverage to less than 30 days and subsequently improperly denied benefits due to insureds under said policies of insurance. Based upon those allegations, Plaintiffs asserted claims for Breach of Contract, Bad Faith, Declaratory Judgment and Equitable Relief.

7.    Defendants deny these allegations, and have denied that they were, or are liable for the claims asserted in Plaintiffs' Complaint.  Defendants maintain that their actions comply with

the policies and Pennsylvania law. Defendants further contend that Plaintiffs cannot establish the prerequisites for certification of the putative class.

8.    On January 17, 2018, Defendants filed a motion for summary judgment, which was opposed by Plaintiffs.

9.    On May 17, 2018, this Court granted Defendants' motion for summary judgment.

10.    On August 2, 2019, the Third Circuit reversed the order granting summary judgment and remanded this matter for further proceedings.

11.    Plaintiffs and Defendants have engaged in substantial discovery, including written discovery, depositions, the production of voluminous documents, and significant motion practice.

12.    The parties have engaged in extensive, good-faith and arms-length settlement negotiations, including two in-person mediation sessions on August 17, 2020 and October 21, 2020 with the Hon. Diane Welsh (ret.). These negotiations involved exchanges of the parties' positions, relevant legal authorities, claims data, and other information. The parties agreed to a settlement framework, and negotiations regarding the Settlement Agreement continued to the date of its execution.

13.    Plaintiffs and Defendants, and their respective attorneys of record, taking into account the risks, uncertainties, delay, and expense involved in this matter, as well as other relevant considerations, have concluded that it is in the best interests of Plaintiffs, the potential class, and Defendants to compromise and settle this matter fully and finally in the manner and upon the terms and conditions set forth in the Settlement Agreement. Defendants have agreed to provide monetary relief to members of the settlement class pursuant to the Settlement Agreement in exchange for the release of certain claims by Plaintiff and the settlement class members as more fully set forth in the settlement agreement.

14.    The Settlement Agreement provides in part:

    a.  Settlement Class Members who submit a Valid Claim form shall receive payment based on the following schedule which is based on the ranges below for the number of days for which ETE coverage has already been paid:

| Range Start | Range End | Pay |
|---|---|---|
| 1 | 8 | $300 |
| 9 | 15 | $200 |
| 16 | 25 | $75 |
| 26 | 30 | $30 |

    b.  Plaintiffs shall petition the Court to approve an award of Attorney's Fees and Costs separate and apart from the monies paid to the settlement class in an amount not to exceed $1,210,000 as well as class representative fees for the named plaintiffs not to exceed $20,000 each.

    c.  Defendants shall pay the costs associated with administration of the proposed settlement as well as the mediation conducted in this matter.

    d.  Defendants shall further engage in changes to its practices as further set forth in the Settlement Agreement.

15.    The Court preliminarily finds that the proposed settlement is fair, reasonable, and adequate, was negotiated at arm's length and was entered into by the parties in order to avoid the costs, uncertainty and risks of continuing litigation and the proposed class settlement reflects the strengths and weaknesses of the claims and defenses in the case.

16.    Good cause exists for the Court to conclude that the Settlement satisfies the prerequisites for class certification under Fed. R. Civ. P. 23(a), (b)(3) & (e).

17.    The Court certifies the following Settlement Class, for settlement purposes only:

All first party total loss vehicle claimants of personal lines private passenger auto policies issued by the following Travelers entities in Pennsylvania, Defendants THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, THE TRAVELERS COMPANIES, INC., TRAVELERS PROPERTY AND CASUALTY COMPANY, and TRAVELERS INDEMNITY COMPANY, and additional settling parties AMERICAN EQUITY SPECIALTY INSURANCE COMPANY, DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, FARMINGTON CASUALTY COMPANY, FIDELITY AND GUARANTY INSURANCE COMPANY, FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC., NORTHLAND CASUALTY COMPANY, NORTHLAND INSURANCE COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, ST. PAUL GUARDIAN INSURANCE COMPANY, ST. PAUL MERCURY INSURANCE COMPANY, ST. PAUL PROTECTIVE INSURANCE COMPANY, THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, THE CHARTER OAK FIRE INSURANCE COMPANY, THE PHOENIX INSURANCE COMPANY, THE STANDARD FIRE INSURANCE COMPANY, THE TRAVELERS CASUALTY COMPANY, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVCO INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY COMPANY OF CONNECTICUT, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, TRAVELERS COMMERCIAL CASUALTY COMPANY, TRAVELERS COMMERCIAL INSURANCE COMPANY, TRAVELERS CONSTITUTION STATE INSURANCE COMPANY, TRAVELERS PERSONAL INSURANCE COMPANY, TRAVELERS PERSONAL SECURITY INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, CONSUMERS COUNTY MUTUAL, FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC., and FIRST FLORIDIAN AUTO AND HOME INSURANCE COMPANY, with a date of loss from January 16, 2011 to the date of preliminary approval, who were paid for 1-30 days under rental reimbursement extended transportation expenses coverage.

Excluded from the Class are the assigned judge, the judge's staff and family

18.     For purposes of determining whether the terms of the Proposed Settlement should be finally approved as fair, reasonable and adequate, and contingent upon the Settlement being finally approved, Named Plaintiffs Kyle Stechert and Marie Stechert are appointed as Class Representatives, and the following counsel are designated as counsel for the Class ("Class Counsel"):

> Richard M. Ochroch, Esquire
> Brett N. Benton, Esquire
> Andrew R. Ochroch, Esquire
> Richard M. Ochroch & Associates, P.C.
> 318 S. 16th Street
> Philadelphia, PA 19102
>
> Marc P. Weingarten, Esquire
> James A. Barry, Esquire
> Locks Law Firm
> 601 Market Street, Suite 720 East
> 170 S. Independence Mall West
> Philadelphia, PA 19106

19.     Epiq Class Action & Mass Tort Solutions is hereby appointed to serve as the Claims Administrator and shall be responsible for administering the settlement in accordance with the terms of the Settlement Agreement.

20.     If final approval of the Proposed Settlement is not obtained, or if Final Judgment as contemplated herein is not granted, this Order shall be vacated *ab initio* and the Parties shall be restored without prejudice to their respective litigation positions prior to the date of this Order of Preliminary Approval.

21.     Pending final determination of whether the Proposed Settlement should be approved, all proceedings in the Action shall be stayed until further order of the Court, except such

proceedings as may be necessary either to implement the Proposed Settlement or to comply with or effectuate the terms of the Agreement.

22.      Within seventy-five (75) days after the entry of this Order, the Claims Administrator shall send a copy of the Individual Notice and a Claim Form (or Claim Forms if a Class Member has multiple claims), pre-printed with the Class Member's name and most recent address, by first-class mail, to each Person on the Settlement Class List.  Prior to any mailing the Claims Administrator shall update all addresses on the Settlement Class List by running the addresses thereon through the National Change of Address Data Base and LexisNexis AllFind, or "True Trace," or another similar address updating provider.

23.      The Court preliminarily finds that the dissemination of the Individual Notice and Claim Form under the terms and in the format provided for in this Order and Agreement constitutes the best notice practicable under the circumstances, and is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 23(c)(2)(B) and all other applicable laws.

24.      A hearing (the "Final Settlement Hearing") shall be held on _____ _____ , 2021 at _____ o'clock a.m.  Courtroom _____, to determine whether the Proposed Settlement of this Action (including the payment of attorneys' fees and costs to Class Counsel) should be approved as fair, reasonable, and adequate, and to determine whether final judgment approving the Proposed Settlement and dismissing all claims asserted in this Action on the merits, with prejudice and without leave to amend, should be entered.  The Settlement Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the Class Members.

25.    Objections to the Settlement shall be heard, and any papers or briefs submitted in support of said objections shall be considered, by the Court (unless the Court in its discretion shall otherwise direct) only if they comply with the objection procedures set forth in the Agreement and Notice.  Specifically, members of the Class who have not previously opted out of the Class must file a notice of intent to object to the Settlement.  To be effective, a notice of intent to object to the Settlement must:  (a) contain a heading that includes the name of the case and case number; (b) provide the name, address, telephone number and signature of the Class Member filing the objection; (c) be filed with the Clerk of the Court not later than thirty (30) days before the Final Settlement Hearing; (d) be served on Class Counsel and counsel for the Defendants at the addresses below by first-class mail, postmarked no later than thirty (30) days before the Final Settlement Hearing; (e) contain the name, address, bar number and telephone number of the objecting Class Member's counsel, if represented by an attorney.  Class Members represented by an attorney must comply with all applicable laws and rules for filing pleadings and documents in the Court; and state whether they intend to appear at the Final Settlement Hearing, either in person or through counsel, and serve the foregoing on the following counsel.

| Class Counsel: | Counsel for Defendants: |
|---|---|
| Richard M. Ochroch, Esquire Richard M. Ochroch & Associates, P.C. 318 S. 16th Street Philadelphia, PA 19102 | Mark L. Hanover, Esquire Dentons US LLP 233 South Wacker Drive Suite 5900 Chicago, IL  60606-6361 |

26.    In addition to the foregoing, a notice of intent to object must contain the following information if the Class Member or his/her attorney requests permission to speak at the Final Settlement Hearing:  (a) a detailed statement of the specific legal and factual basis for each and every objection; and (b) a detailed description of any and all evidence the Objector may offer at

the Final Settlement Hearing, including photocopies of any and all exhibits which may be introduced at the Final Settlement Hearing. Any individual or entity who objects must submit themselves or itself to discovery pursuant to the Agreement, under the timelines specified therein.

27.    Settlement Class Members who wish to exclude themselves from the Settlement Class must prepare a written request for exclusion, postmarked no later than thirty (30) days before the Final Settlement Hearing, which shall be sent to the Claims Administrator. Written requests for exclusion must be signed and include the individual's name, address, and telephone number, and expressly state the desire to be excluded from the Settlement Class. Requests for exclusion must be exercised individually by the Class Member, not as or on behalf of a group, class, or subclass, except that such exclusion requests may be submitted by a Class Member's Legally Authorized Representative.

28.    All Class Members who do not opt out of the Class shall be bound by any Final Approval Order and Judgment entered pursuant to the Agreement, and shall be barred and enjoined, now and in the future, from asserting any and all of the Released Claims, as defined in the Agreement, against the Released Persons, as defined in the Agreement, and any such Class Member shall be conclusively deemed to have released any and all such Released Claims.

29.    To the extent that it is otherwise not violative of any applicable rules governing the practice of law, Class Counsel agree that any representation, encouragement, solicitation or other assistance, including, but not limited to, referral to other counsel, of any Opt Out or any other person seeking to litigate with any of the Released Persons over any of the Released Claims or to represent any form of opt-out class, could place Class Counsel in an untenable conflict of interest with the Class. Accordingly, Class Counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable rules governing the practice of law) not to

represent, encourage, solicit or otherwise assist, in any way whatsoever (including, but not limited to referrals to other counsel) any Opt Out or any form of opt-out class, except that referring such person to the Notice or suggesting to any such person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted.

30.    The Settlement fits within the parameters necessary for potential final approval, and is therefore hereby preliminarily approved, but is not to be deemed an admission of liability or fault by Defendants or by any other person, or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by Defendants.  The Settlement is not a concession and shall not be used as an admission of any fault or omission by Defendants or any other person or entity.  Neither the terms or provisions of the Stipulation of Settlement, nor any related document, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, to establish any liability or admission by Defendants except in any proceedings brought to enforce the Stipulation of Settlement, except that the Released Persons may file this Order in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

31.    Upon motion of any party, the Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

32.    Pending final determination as to whether the Proposed Settlement should be finally approved, no Class Member shall commence, prosecute, pursue, or litigate any Released Claims

against any Released Person, whether directly, representatively, or in any capacity, and regardless of whether any such Class Member has appeared in the Action.

33.     Summary of Deadlines: The preliminarily approved settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Deadline:** 75 days after Preliminary Approval

**Motion for Final Approval:** 14 days prior to Objection Deadline

**Motion for Service Awards, Attorney's Fees and Costs:** 14 days prior to the Opt-Out Deadline and Objection Deadline

**Opt-Out Deadline:**   30 days prior to the Final Settlement Hearing

**Objection Deadline:**  30 days prior to the Final Settlement Hearing

**Replies in Support of Final Approval, Service Awards and Fee Requests:** 14 days prior to the Final Settlement Hearing

**Claim Deadline:** 45 Days after the Final Settlement Hearing

**Final Approval Hearing:** _____

Based upon the above, IT IS SO ORDERED.


_____

**J. Curtis Joyner, S.J.**

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE STECHERT, et al.** | Civil Action |
| Plaintiffs, | No. 17-cv-00784-JCJ |
| v. | |
| **THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, et al.** | |
| Defendants. | |

### PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs, Kyle Stechert and Marie Stechert, husband and wife (the "Stecherts" or "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, Richard M. Ochroch & Associates, P.C. and Locks Law Firm, hereby submit this Unopposed Motion for Preliminary Approval of Class Action Settlement, and incorporate by reference their Memorandum of Law, as though set forth herein at length.

WHEREFORE, for the reasons set forth in the accompanying Memorandum of Law, Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order and:

    a.    Grant preliminary approval of the Parties' Settlement Agreement;

    b.    For settlement purposes, preliminarily certify the claims as a Fed. R. Civ. P. 23 class on behalf of the Settlement Class;

    c.    Preliminarily approve Plaintiffs, Kyle Stechert and Marie Stechert as the Representatives of the Settlement Class;

    d.    Preliminarily approve Richard M. Ochroch & Associates, P.C. and Locks Law Firm as Class Counsel for the Settlement Class;

e.      Preliminarily approve Epiq Class Action and Mass Tort Solutions as the
        Claims Administrator;

f.      Approve the Notice of Settlement;

g.      Approve the proposed schedule and procedure for completing the final
        approval process as set forth in the Parties' Settlement Agreement; and

h.      Provide any other relief deemed just and proper.


                              Respectfully submitted,

                    By:     /s/ Richard M. Ochroch
                            RICHARD M. OCHROCH & ASSOCIATES, P.C.
                            Richard M. Ochroch, Esq.
                            Brett N. Benton, Esq.
                            Andrew R. Ochroch, Esq.
                            I.D. # 21432 / 93267 / 315797
                            318 S. 16th Street
                            Philadelphia, PA 19102
                            Phone: (215) 735-2707
                            Facsimile: (215) 790-0491
                            *rochroch@ochroch-law.com*

                            LOCKS LAW FIRM
                            Marc P. Weingarten, Esq.
                            James A. Barry, Esq.
                            I.D. # 23718 / 209524
                            601 Walnut Street, Suite 720 East
                            170 S. Independence Mall West
                            Philadelphia, PA 19106
                            Phone: (215) 893-0100
                            Facsimile: (215) 893-3333
                            *mweingarten@lockslaw.com*

                            Attorneys for Plaintiffs and the putative class

Dated: 5/27/2021

2

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE STECHERT, et al.** | Civil Action |
| Plaintiffs, | No. 17-cv-00784-JCJ |
| v. | |
| **THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, et al.** | |
| Defendants. | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF CONTENTS

**Page**

EXHIBIT INDEX ................................................................................................ iii

TABLE OF AUTHORITIES ............................................................................... iv

I.      INTRODUCTION ................................................................................1

II.     BACKGROUND ..................................................................................5

III.    THE PROPOSED SETTLEMENT .....................................................8

      A.      The Settlement Class.................................................................8

      B.      Benefits to the Settlement Class .............................................10

            1.      Monetary Relief ............................................................10

            2.      Defendants' Change in Claims Conduct........................12

            3.      Defendants Will Pay Costs of Settlement Administration, Incentive Award, and Attorneys' Fees and Expense Award Separate and Apart from the Monetary Relief Paid to the Settlement Class ...........................................13

      C.      Notice to the Class ..................................................................13

      D.      Release ....................................................................................14

IV.     ARGUMENT......................................................................................15

      A.      Legal Standard ........................................................................15

      B.      The Settlement Should be Preliminarily Approved by the Court ..........................16

            1.      Adequacy of Representation and Arm's Length Negotiation...................16

            2.      Adequacy of Relief .......................................................18

                  a.      Costs, Risks, and Delay of Trial and Appeal ................18

                  b.      Effectiveness of Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class Member Claims ........................................................................20

i

c. The Award of Attorneys' Fees and Costs are Subject to the Court's Approval, Justified, and Included in the Notice to the Class .........22

d. Copy of the Settlement Agreement ................................................22

3. The Settlement Treats Each Respective Class Member Equitably ............23

C. The Settlement Class Should be Preliminarily Certified .......................................23

1. The Settlement Class is Sufficiently Numerous .......................................24

2. The Settlement Class Seeks Resolution of Common Questions ...............25

3. The Claims of the Named Plaintiffs are Typical of the Settlement Class ................................................................................................................25

4. Class Counsel and Plaintiffs Satisfy the Adequacy Requirements ...........26

5. The Settlement Class Satisfies the Predominance and Superiority Requirements of Federal Rule of Civil Procedure 23(b)(3) ....................27

6. The Settlement Class is Ascertainable ......................................................27

D. The Proposed Notice Provides Adequate Notice to the Settlement Class Members and Satisfies Due Process ......................................................................................28

E. The Proposed Implementation Schedule ...............................................................29

V. CONCLUSION ...................................................................................................................30

## EXHIBIT INDEX

| No. | Exhibit |
|-----|---------|
| 1 | Stipulation of Settlement and Settlement Agreement |
| 2 | Complaint |
| 3 | Certification of Richard M. Ochroch in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement |
| 4 | Philadelphia Court of Common Pleas, United States District Court, and Third Circuit Dockets |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)................................................................................23

*Baby Neal ex rel. Kanter v. Casey*,
  43 F.3d 48 (3d Cir. 1994).........................................................................23

*Byrd v. Aaron's Inc.*,
  784 F.3d 154 (3d Cir. 2015)......................................................................27

*Collier v. Montgomery Cnty. Hous. Auth.*,
  192 F.R.D. 176 (E.D. Pa. 2000)................................................................23

*Cullen v. Whitman Med. Corp.*,
  197 F.R.D. 136 (E.D. Pa. 2000)................................................................19

*Deitz v. Budget Renovations & Roofing, Inc.*,
  2013 U.S. Dist. LEXIS 75005 (M.D. Pa. May 29, 2013).................................20

*Fry v. Hayt & Landau*,
  198 F.R.D. 461 (E.D. Pa. 2000)......................................................23, 24, 26

*General Tel. Co. of S.W. v. Falcon*,
  457 U.S. 147 (1982).................................................................................26

*Glaberson v. Comcast Corp.*,
  2014 U.S. Dist. LEXIS 172040 (E.D. Pa. Dec. 12, 2014)...............................28

*In re Certainteed Fiber Cement Siding Litig.*,
  303 F.R.D. 199 (E.D. Pa. 2014)................................................................19

*In re Constar Int'l, Inc. Sec. Litig.*,
  585 F.3d 774 (3d Cir. 2009)......................................................................24

*In re Corel Corp. Sec. Litig.*,
  293 F. Supp. 2d 484 (E.D. Pa. 2003) ....................................................19, 28

*In re General Motors Corp.*,
  55 F.3d 768 (3d Cir. 1995)........................................................................23

*In re Ikon Office Solutions, Inc. Sec. Litig.*,
  194 F.R.D. 166 (E.D. Pa. 2000).................................................................28

*In re NFL Players Concussion Injury Litig.*,
  821 F.3d 410 (3d Cir. 2016)................................................................................26

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
  148 F.3d 283 (3d Cir. 1998)................................................................................25

*In re Rent-Way Sec. Litig.*,
  305 F. Supp. 2d 491 (W.D. Pa. 2003)................................................................16

*In re Warfarin Sodium Antitrust Litig.*,
  391 F.3d 516 (3d Cir. 2004).................................................................................24

*McRobie v. Credit Prot. Ass'n*,
  2020 U.S. Dist. LEXIS 217563 (E.D. Pa. Nov. 20, 2020)................................15

*Mehling v. New York Life Ins. Co.*,
  248 F.R.D. 455 (E.D. Pa. 2008)....................................................................19, 28

*Mullane v. Central Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950)...............................................................................................28

*Reed v. General Motors Corp.*,
  703 F.2d 170 (5th Cir. 1983) ...............................................................................16

*Schwartz v. Dallas Cowboys Football Club, Ltd.*,
  157 F. Supp. 2d 561 (E.D. Pa. 2001) .................................................................16

*Stewart v. Abraham*,
  275 F.3d 220 (3d Cir. 2001)................................................................................25

*Vista Healthplan, Inc. v. Cephalon, Inc.*,
  2020 U.S. Dist. LEXIS 69614 (E.D. Pa. Apr. 21, 2020) ................................19

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)..............................................................................................25

*Weiss v. York Hosp.*,
  745 F.2d 786 (3d Cir. 1984)................................................................................24

*Wetzel v. Liberty Mut. Ins. Co.*,
  508 F.2d 239 (3d Cir. 1975)................................................................................23

**Statutes, Regulations, Rules**

42 Pa. C.S.A. § 8371 .......................................................................................5, 25

Fed. R. Civ. P. 23 ........................................................................................................ *passim*

Fed. R. Civ. P. 23 2018 Amendment Advisory Committee Notes ............................... 15

Fed. R. Civ. P. 23(a) .................................................................................................... 23

Fed. R. Civ. P. 23(a)(1) ................................................................................................ 24

Fed. R. Civ. P. 23(a)(2) ................................................................................................ 25

Fed. R. Civ. P. 23(a)(3) ................................................................................................ 26

Fed. R. Civ. P. 23(a)(4) ................................................................................................ 26

Fed. R. Civ. P. 23(b) .................................................................................................... 23

Fed. R. Civ. P. 23(b)(3) ......................................................................................... 24, 27

Fed. R. Civ. P. 23(c)(1) ................................................................................................ 23

Fed. R. Civ. P. 23(c)(2)(b) ........................................................................................... 28

Fed. R. Civ. P. 23(e) ............................................................................................... 15, 23

Fed. R. Civ. P. 23(e)(1) ................................................................................................ 15

Fed. R. Civ. P. 23(e)(1)(B)(i) ....................................................................................... 15

Fed. R. Civ. P. 23(e)(1)(B)(ii) ................................................................................ 15, 16

Fed. R. Civ. P. 23(e)(2) ................................................................................................ 15

Fed. R. Civ. P. 23(e)(2)(A)-(D) ................................................................................... 16

Fed. R. Civ. P. 23(e)(2)(C) ........................................................................................... 18

Fed. R. Civ. P. 23(e)(2)(C)(iv) ..................................................................................... 22

Fed. R. Civ. P. 23(e)(2)(D) ........................................................................................... 23

Fed. R. Civ. P. 23(e)(3) ................................................................................................ 16

**Other Authorities**

MANUAL FOR COMPLEX LITIGATION, SECOND § 30.44 ................................... 16

MANUAL FOR COMPLEX LITIGATION, FOURTH § 21.632 ................................................15

Plaintiffs, Kyle Stechert and Marie Stechert, husband and wife (the "Stecherts" or "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, Richard M. Ochroch & Associates, P.C. and Locks Law Firm, hereby present this Memorandum of Law in Support of their Unopposed Motion for Preliminary Approval of Class Action Settlement.

## I. **INTRODUCTION**

Plaintiffs' counsel has secured a proposed settlement executed on May 22, 2021. *See* Stipulation of Settlement and Settlement Agreement, attached as Exhibit "1" (the "Settlement," "Settlement Agreement," or "SA").[1]  This settlement represents an exemplary result for the Settlement Class of claims that were vigorously contested and litigated by Defendants and faced uncertainties both at class certification and at trial.  The parties engaged in multiple arms-length negotiation sessions with a respected mediator, the Honorable Diane Welsh (Ret.) of JAMS, and were aided in their positions by virtue of a lengthy exchange of information relative to the merits of the case and the elements for class adjudication.  Additionally, Class Counsel were aided by their extensive experience in litigating and settling similar kinds of class actions so that they were effectively able to evaluate the strengths and weaknesses of the case.  Ultimately, the parties' good-faith efforts to resolve this litigation resulted in a claims made settlement representing a thoughtful compromise, which takes into consideration the parties' respective concerns, together with substantial payments to the Settlement Class members of $300, $200, $75, or $30 each.  SA ¶ 44. In addition, the settlement includes claims conduct changes by Defendants.  SA ¶ 62.

---

[1] Capitalized terms not defined herein are defined in the Settlement Agreement attached as Exhibit "1."

The Settlement Class consists of first party total loss vehicle claimants of personal lines private passenger auto policies issued by any and all Travelers affiliates[2] in Pennsylvania, with a date of loss from January 16, 2011 to the date of preliminary approval, who were paid between 1 and 30 days for insured auto rental reimbursement coverage (extended transportation expenses or "ETE").  *See* SA ¶ 35.  The time period will span more than 10 years.  Class Counsel and Defendants have determined there are more than 17,000 Settlement Class Members as of the claims data Defendants provided on August 20, 2020.  SA ¶ 45.[3]  This is a claims made settlement. Based on the August 20, 2020 data, the settlement provides for potential payments totaling more than $3,400,000.00:

| Number of Rental Days Previously Paid | Distribution Amount per Settlement Class Member | Number of Eligible Class Members as of 8/20/20 |
| --- | --- | --- |
| 1-8 | $300 | 5,879 |
| 9-15 | $200 | 6,950 |
| 16-25 | $75 | 3,425 |
| 26-30 | $30 | 910 |

[2] This Settlement involves Travelers Insurance Company and its affiliates: The Travelers Home and Marine Insurance Company; The Travelers Companies, Inc.; Travelers Property and Casualty Company; and Travelers Indemnity Company, and additional settling parties American Equity Specialty Insurance Company; Discover Property & Casualty Insurance Company; Farmington Casualty Company; Fidelity and Guaranty Insurance Company; Fidelity and Guaranty Insurance Underwriters, Inc.; Northland Casualty Company; Northland Insurance Company; St. Paul Fire and Marine Insurance Company; St. Paul Guardian Insurance Company; St. Paul Mercury Insurance Company; St. Paul Protective Insurance Company; The Automobile Insurance Company of Hartford, Connecticut; The Charter Oak Fire Insurance Company; The Phoenix Insurance Company; The Standard Fire Insurance Company; The Travelers Casualty Company; The Travelers Indemnity Company of America; The Travelers Indemnity Company of Connecticut; Travco Insurance Company; Travelers Casualty and Surety Company; Travelers Casualty and Surety Company of America; Travelers Casualty Company of Connecticut; Travelers Casualty Insurance Company of America; Travelers Commercial Casualty Company; Travelers Commercial Insurance Company; Travelers Constitution State Insurance Company; Travelers Personal Insurance Company; Travelers Personal Security Insurance Company; Travelers Property Casualty Company of America; Travelers Property Casualty Insurance Company, United States Fidelity and Guaranty Company; Consumers County Mutual; Fidelity and Guaranty Insurance Underwriters, Inc., and First Floridian Auto and Home Insurance Company (hereinafter collectively, "Defendants" or "Travelers").  *See* SA pp. 1-2, ¶ 13.

[3] Defendants will update the claims data within 45 days of the date of the Preliminary Approval Order. SA ¶ 52. For the convenience of the Court, a timeline of all important dates and deadlines set forth in the Settlement Agreement is in Section IV(E), below.

SA ¶ 45.[4]  Based on Defendants' August 20, 2020 claims data, nearly 75% of the Class falls within the most highly compensated categories, qualifying for payments of $300 or $200.  *See* SA ¶45.

The ETE benefits under the Class Members' insurance policies were limited to 30 days. Class Members' payments will be in addition to what Defendants previously paid as part of the Class Members' underlying insurance claims.  *See* SA ¶ 44; *id.* at Individual Notice pp. 6-7 Ex. "C."  The amount of the Class Members' individual payments of $300, $200, $75, and $30, equates to roughly 10, 6.66, 2.5, and 1 additional day(s) of rental, respectively.  Class Counsel has determined through their own review of data produced for the Settlement Class that the payments set forth above represent approximately 34% of the maximum possible compensatory damages that could have been awarded to the Settlement Class Members if this matter were certified as a class, tried to a verdict and upheld through appeal, all of which would delay compensation (if any) for years.

The parties recommend to the Court that Epiq Class Action and Mass Tort Solutions ("Epiq") be the Claims Administrator.  SA ¶ 50.  In addition to receiving the information set forth in the updated Settlement Class List from Defendants' records, Epiq will update Settlement Class Members' addresses through a national search and will directly mail the Individual Notice and Claim Form to every Settlement Class Member.  SA ¶ 53.  Notice, therefore, satisfies any due process concerns.

The Individual Notice will include a Claim Form with three basic questions requesting the Settlement Class Member confirm:

---

[4] Because this amount is based on Defendants' August 20, 2020 data, the number of Class Members, and therefore the total potential settlement payment amount (approximately $3,400,000.00 as of August 20, 2020), will increase upon Defendants updating the claims data through the date of the preliminary approval order (the Settlement Class List).  *See* SA ¶¶ 45, 52.  There will not be a deduction to the $300, $200, $75, or $30 available to each eligible class member.  SA ¶ 45.

- They insured a vehicle with Travelers;

- The vehicle was involved in an automobile that resulted in the automobile being declared a total loss; and

- Travelers paid the cost of a rental vehicle for 30 days or less.

SA ¶ 40; SA at Claim Form Ex. "A."  A Settlement Class Member's response to these questions with "Agree" or "I don't remember," **in any combination**, qualifies them for payment.  SA ¶ 40; SA at Claim Form Ex. "A."

Plaintiffs submit that the Settlement Class meets the prerequisites for class certification set forth in Federal Rule of Civil Procedure 23.  Defendants, who retain all rights to assert that the action should not be certified as a class action should final approval of the proposed settlement not be granted, have consented to class certification of the Settlement Class for settlement purposes only, but expressly continue to take the position that this matter would not have been appropriate for certification of a litigation as opposed to a settlement class.  SA ¶ 41.

Finally, the active participation of the Plaintiffs, Kyle Stechert and Marie Stechert, who provided documents, were deposed, successfully appealed to the Third Circuit, and were actively involved in the prosecution of this class action and more than adequately represented the class. Likewise, Class Counsel has extensively litigated this matter through pretrial discovery, dispositive motions, and appeal.  The Settlement Agreement provides that Class Counsel may request both fees and expenses totaling $1,210,000.00 which will be paid separate and apart from the amount available to the Settlement Class.  SA ¶ 59.  Both the incentive awards and attorney's fees and expenses will be the subject of a separate notice which will be filed prior to the time period for Class Members to object to the Settlement.  *See* SA at Individual Notice p. 7 Ex. "C." The work conducted in this matter sufficiently justifies that potential request as fair, reasonable,

and adequate, given that they prosecuted this matter for more than 4 years, engaging in extensive motion practice, 11 depositions, and a successful appeal to the Third Circuit. As such, Notice should be directed to the Settlement Class.

Accordingly, the Settlement represents a fair, reasonable, and adequate result for the Settlement Class, and it is respectfully requested that notice should be directed to Settlement Class Members, and that all the relief requested in the attached proposed Preliminary Approval Order be entered.

## II.    BACKGROUND

On January 16, 2017, the Stecherts filed a lawsuit in the Philadelphia Court of Common Pleas against Defendants after which Defendants removed the matter to the United States District Court for the Eastern District of Pennsylvania. *See* Complaint, attached as Exhibit "2." The Stecherts brought the Action as a class action alleging, *inter alia*, that Defendants paid certain Pennsylvania automobile insurance policyholders who experienced a total loss of their vehicles less than the purchased amount of auto rental available under their Policy's ETE coverage without first making a determination as to the amount of time reasonably required to replace the insured vehicle. *Id.* The Stecherts alleged that this conduct was a breach of the applicable insurance contracts and bad faith, 42 Pa. C.S.A. § 8371. *Id.*

The Stecherts also sought declaratory judgment and equitable relief on behalf of themselves and the class. The Stecherts' claim for declaratory relief sought an Order finding: (1) the term in their Travelers insurance policy (the "Policy") stating "Our payment will be limited to that period of time reasonably required to repair or replace the 'your covered auto'[]" is a policy limitation; and (2) the Policy imposes upon Travelers the obligation to determine the amount of time reasonably required to replace their vehicles prior to terminating and/or limiting their ETE

benefits.  *Id.*  The Stecherts' claim for equitable relief sought to preclude Travelers from issuing the misleading Rental Reimbursement / Loss of Use Notice (referred to as the Rental Letter throughout the Action) attached to the Complaint at Ex. "E."  *Id.*

Before commencing the Action, throughout its pendency, and during settlement negotiations, Class Counsel have conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of the claims and potential claims to determine how best to serve the interests of the named Plaintiffs and the Settlement Class.  Certification of Richard M. Ochroch in Support of Pls.' Unopposed Motion for Prelim. Approval of Settlement ¶¶ 7, 44, attached as Exhibit "3" (hereinafter cited as "R. Ochroch Cert.").  The parties conducted extensive class and merits discovery.  R. Ochroch Cert. ¶¶ 11, 26.  The parties have engaged in hard fought litigation for over four years. years.  *See* Philadelphia Court of Common Pleas, United States District Court, and Third Circuit Dockets, attached as Exhibit "4."  In the course of their examination, Class Counsel reviewed thousands of pages of public records and documents exchanged in discovery, and conducted other formal and informal discovery.  R. Ochroch Cert. ¶¶ 7, 10-12.

On January 17, 2018, Defendants filed a Motion for Summary Judgment as to Plaintiffs' individual claims, which the Court granted on May 17, 2018.  [ECF 26, 29, 32, 34-35]  Thereafter, Plaintiffs successfully appealed to the Third Circuit.  The Third Circuit reversed summary judgment in favor of Travelers and remanded the matter on September 9, 2019. [ECF 38]  After the matter was remanded, Plaintiffs continued to pursue class discovery.  R. Ochroch Cert. ¶ 26.

As the deadlines for class discovery and class certification motions were approaching, the parties engaged in two extensive arms-length negotiation sessions with a highly regarded and well-respected mediator, Honorable Diane Welsh (Ret.) of JAMS.  R. Ochroch Cert. ¶ 27.  Accordingly,

each party recognized the risks attendant with continued litigation. *See* SA at Recitals p. 3; R. Ochroch Cert. ¶¶ 39, 46-47.

Following extended negotiations between the parties, in November 2020, the parties agreed in principle to settlement of Plaintiffs' claims on behalf of the class, and over the course of the next several months continued to negotiate, draft, and finalize the Settlement Agreement submitted herewith. R. Ochroch Cert. ¶¶ 28, 40. It cannot be disputed that each and every element, phrase, clause or provision of the Settlement Agreement was the result of vigorous, arms-length negotiations that took place over the past several months.

Defendants denied and continue to deny any and all liability to Plaintiffs and the Settlement Class, and Defendants maintain that they have complied fully with all of their obligations under Pennsylvania law, existing case law, and the applicable policies. SA at Recitals p. 3, ¶ 81. Defendants have denied, and still deny, any liability, wrongdoing, and damages with respect to the matters alleged in the Action, including that the case could be properly certified as a litigation class action as opposed to a class action for settlement purposes only, and the Settlement Agreement is entered into as a compromise of disputed claims and for the purpose of avoiding the uncertainty, costs, and delay of continued litigation. SA ¶ 81. The parties agree that the settlement created by this Settlement Agreement is not and shall not be construed as an admission of liability or wrongdoing by or any sort of precedent against Defendants, or as evidence of the validity of any of the claims asserted against Defendants. SA ¶ 82.

After conducting substantial discovery, as briefly described above, investigating the facts and underlying events relating to the subject matter of their claims, carefully analyzing the applicable legal principles, considering the arms-length settlement negotiations conducted by the parties, and taking into account the risks, uncertainties, burdens, the facts and law relating to the

matters alleged in the pleadings, costs, delay of further prosecution of their claims, the substantial benefits available to more than 17,000 Class Members, and the desirability of consummating this Settlement Agreement to provide prompt, effective relief to named Plaintiffs and the Settlement Class, the resolution and compromise as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of Plaintiffs and the Class. *See* SA at Recitals p. 3; R. Ochroch Cert. ¶¶ 11, 26, 30, 39, 41.

Class Counsel respectfully submit that the requirements for preliminary approval are satisfied. Plaintiffs respectfully request that the Court: (i) grant preliminary approval of the proposed settlement and enter the attached proposed Order; (ii) certify a Settlement Class pursuant to the provisions of Federal Rule of Civil Procedure 23; (iii) designate Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel; (iii) direct that notice of the proposed settlement and hearing be provided to Settlement Class Members in the manner set forth in the Settlement Agreement and in the schedule below; and (iv) schedule a fairness hearing to consider final approval, pursuant to the schedule below.

## III.    THE PROPOSED SETTLEMENT

### A.    The Settlement Class

The Settlement Class comprises:

> All first party total loss vehicle claimants of personal lines private passenger auto policies issued by the following Travelers entities in Pennsylvania, Defendants THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, THE TRAVELERS COMPANIES, INC., TRAVELERS PROPERTY AND CASUALTY COMPANY, and TRAVELERS INDEMNITY COMPANY, and additional settling parties AMERICAN EQUITY SPECIALTY INSURANCE COMPANY, DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, FARMINGTON CASUALTY COMPANY, FIDELITY AND GUARANTY INSURANCE COMPANY, FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC.,

NORTHLAND CASUALTY COMPANY, NORTHLAND INSURANCE COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, ST. PAUL GUARDIAN INSURANCE COMPANY, ST. PAUL MERCURY INSURANCE COMPANY, ST. PAUL PROTECTIVE INSURANCE COMPANY, THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, THE CHARTER OAK FIRE INSURANCE COMPANY, THE PHOENIX INSURANCE COMPANY, THE STANDARD FIRE INSURANCE COMPANY, THE TRAVELERS CASUALTY COMPANY, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVCO INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY COMPANY OF CONNECTICUT, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, TRAVELERS COMMERCIAL CASUALTY COMPANY, TRAVELERS COMMERCIAL INSURANCE COMPANY, TRAVELERS CONSTITUTION STATE INSURANCE COMPANY, TRAVELERS PERSONAL INSURANCE COMPANY, TRAVELERS PERSONAL SECURITY INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, CONSUMERS COUNTY MUTUAL, FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC., and FIRST FLORIDIAN AUTO AND HOME INSURANCE COMPANY, with a date of loss from January 16, 2011 to the date of preliminary approval, who were paid for 1-30 days under rental reimbursement extended transportation expenses coverage.

Excluded from the Class are the assigned judge, the judge's staff and family.

SA ¶ 35.

**B.**    **Benefits to the Settlement Class**

**1.**    **Monetary Relief**

Each Class Member who submits a valid claim form will be entitled to a settlement distribution amount determined by the categories in the table below, based on the number of rental days that Defendants previously paid as part of the Class Member's insurance claim:

| Number of Rental Defendant Previously Days Paid | Distribution Amount per Settlement Class Member |
|---|---|
| 1-8 | $300 |
| 9-15 | $200 |
| 16-25 | $75 |
| 26-30 | $30 |

*See* SA ¶ 44.  The distribution amount per Class Member will be determined in accordance with the Settlement Class List data.    *See* SA ¶ 44; SA at Individual Notice pp. 5-6 Ex. "C."  The Settlement Class List data consists of Travelers' claims data, which Defendants furnished Plaintiffs on August 20, 2020 and will be updated through the dated of the Preliminary Approval.  SA ¶¶ 36, 45.  Defendants will also provide Class Counsel the Settlement Class List and sufficient identifying information so Class Counsel can review and verify the payment category for each Settlement Class Member.  SA ¶ 52.  "It is the intent of the parties to make all reasonable efforts to include for payment those class members who file a claim form or who reach out to counsel or the Claims Administrator and whose Class Member status has been confirmed by Defendant's Settlement Class List."  SA ¶¶ 40, 43.

For Class Members still insured with Travelers, receiving payment under the Settlement Agreement will not cause their premiums to increase.  SA ¶ 40.

In order to receive payment under this Settlement, Class Members must submit a Valid Claim Form postmarked by a date no later than forty-five (45) days after the Final Settlement Hearing. SA ¶¶ 40, 42, 44. As set forth in the Settlement Agreement, "Valid Claim Form" means:

> [A] timely Claim Form submitted by a Class Member who has not requested exclusion from the Settlement (or submitted on behalf of such Class Member by that Class Member's Legally Authorized Representative), that is filled out on paper, or which can also be obtained and submitted via the Settlement website established by the Claims Administrator, that includes the Class Member's printed name and the signature of the Class Member or his or her Legally Authorized Representative, and that answers each of the following questions as "Agree" and/or "I don't remember" and pursuant to the instructions on the Claim Form, as set forth in Exhibit "A":
>
> a.    Please confirm that, between January 16, 2011 and [the date of Preliminary Approval] you insured a vehicle with Travelers:
>
> ___ Agree      ___ Disagree   ___ I don't remember
>
> b.    Please confirm that your vehicle insured with Travelers was involved in an automobile accident that resulted in your vehicle being declared a total loss:
>
> ___ Agree      ___ Disagree   ___ I don't remember
>
> c.    Please confirm that, after the accident, Travelers paid for the cost of a rental vehicle for 30 days or less.
>
> ___ Agree      ___ Disagree   ___ I don't remember
>
> A class member's response that they "do not remember" will not disqualify them from payment. Participation will not cause the premiums of Class Members who are still insured by Travelers to increase. It is the intent of the parties to make all reasonable efforts to include for payment those class members who file a claim form or who reach out to counsel or the Claims Administrator and whose Class Member status has been confirmed by Defendant's Settlement Class List. Accordingly, the Claims Administrator shall make all reasonable efforts to rehabilitate inconsistent, confusing or Deficient Claims Forms returned by class members who are listed on Defendant's electronic audit/Settlement Class List, as updated. See Paragraphs 43-46, below.

SA ¶ 40.  Further, the Claim Form specifically instructs Class Members:

> **To recover your share of the Settlement, you must answer, to the best of your knowledge, <u>all three questions,</u> below. To receive payment, each of the three questions must be answered as "Agree" or "I don't remember". Any combination of "Agree" or "I don't remember" qualifies you for payment.**

SA at Claim Form p. 2 Ex. "A" (emphasis original).

Payment to Class Members will be made no later than 90 days after the period for submitting claims.  SA ¶ 44.

### 2.       Defendants' Change in Claims Conduct

Defendants have also agreed to changes in claims conduct:

    a.      Travelers has drafted a new notice regarding ETE coverage, consistent with the language of its policies and Pennsylvania law, the language of which was agreed to by the parties, to be provided to first party total loss vehicle claimants in Pennsylvania, attached as Exhibit "E" to the Settlement Agreement (SA ¶ 62(a));[5]

    b.      Travelers will reference the above new notice (or its underlying language) in its Pennsylvania State-Specifics guidelines applicable to first party total loss claims in Pennsylvania (SA ¶ 62(b)); and

    c.      Travelers has discontinued any use of the old Rental Reimbursement / Loss of Use Notice (Rental Letter), attached to the Settlement Agreement as Exhibit "F."  SA ¶ 62(c); *see also id.* at Declaration of Hal M. Litvin ¶ 4 ("Travelers has discontinued any use of the old notice (titled 'Rental Reimbursement / Loss of Use Notice'), bates-stamped KMS000168, attached hereto, and hereby confirms that all claim professionals, including Travelers vehicle appraisers, in Pennsylvania were directed to delete all template copies of the old notice and any similar notice in either electronic or hard copy.").[6]

---

[5] Due to Travelers' concerns with the proprietary nature of the "new notice" rental letter it drafted, this new letter will be provided to the Court *in camera*.

[6] The conduct changes may not apply or will be reasonably modified if Travelers changes the applicable policy language regarding ETE coverage, or if there is a material change in Pennsylvania law.  SA ¶ 62(d).

3.    **Defendants Will Pay Costs of Settlement Administration, Incentive Award, and Attorneys' Fees and Expense Award Separate and Apart from the Monetary Relief Paid to the Settlement Class**

As an additional benefit to the Settlement Class, Defendants will also pay, **separate and apart** from the Class Members' payment, all of the costs of notice and settlement administration, Class Representative Incentive Award, and the Attorneys' Fees and Expense Award, as set forth more fully below.  SA ¶¶ 51, 59.

C.    **Notice to the Class**

Within 21 days of the Preliminary Approval Order, the Claims Administrator will establish a toll-free number and website for the Settlement administration where the Individual Notice, Claim Form, Settlement Agreement, approval papers, and any further necessary information will be made available to the Settlement Class.  SA ¶ 55.

Within 45 days of the Preliminary Approval Order, Defendants shall use their best efforts to gather and produce the Settlement Class List to the Claims Administrator and Class Counsel with, among other things, names, last known address, last known email address, claim number, date of loss, and ETE days already paid to the Class Member from the underlying ETE claim.  SA ¶ 52.

No later than 75 days after the Preliminary Approval Order, the Claims Administrator shall send a copy of the Individual Notice and a Claim Form (or Claim Forms if a Class Member has multiple claims), pre-printed with the Class Member's name and most recent address to each Person on the Settlement Class List.  SA ¶ 53.  The Individual Notice and Claim Form state the four possible recovery amounts: $300.00, $200.00, $75.00, and $30.00.  SA at Individual Notice pp. 1, 5-6 Ex. "C;" SA at Claim Form p. 1 Ex. "A."  The Individual Notice will be approved as to form and content by the Court and be in the form attached as Exhibit "C" to the Settlement

Agreement unless otherwise modified by agreement of the Parties and approved by the Court.  SA ¶ 21.  Prior to any mailing, the Claims Administrator shall update all addresses on the Settlement Class List by running the addresses thereon through the National Change of Address Data Base, and LexisNexis AllFind, or "True Trace," or another similar address updating provider.  SA ¶ 53.

If any Individual Notice and/or Claim Form mailed to any Person on the Settlement Class List in accordance with the procedure set forth above is returned to the Claims Administrator as undeliverable, then the Claims Administrator shall re-send the returned Individual Notice and/or Claim Form to the Class Member by first-class mail to any forwarding address provided by the United States Postal Service, or by email if the email address is known or can be provided by the Defendants.  SA ¶ 54.  The Claims Administrator will promptly log each Individual Notice and/or Claim Form that is returned as undeliverable and provide copies of the log to Defendants and Class Counsel as requested.  SA ¶ 54.

Following Notice, Settlement Class Members will have an adequate opportunity to "opt out" of the Settlement, and Epiq will prepare a list of such opt-outs, if any, prior to final approval. SA ¶ 68.  Additionally, Settlement Class Members will also have an adequate opportunity to object and/or intervene by following procedures set forth in the Settlement Agreement.  SA ¶¶ 69-72.

### D.    Release

Under the Settlement, subject to the Court's final approval, the Settlement Class will release Defendants from claims and causes of action related to ETE claims that were brought or could have been brought in the Action.  SA ¶¶ 31-32, 79-80.  Importantly, "[t]his Settlement does not act to release claims unrelated to ETE benefits as set forth in the Action, and shall not be considered a release of any unrelated rights and benefits available under the Policies."  SA ¶ 31.

## IV.    ARGUMENT

### A.    Legal Standard

Federal Rule of Civil Procedure 23(e) requires the Court's approval for class action settlements.  Fed. R. Civ. P. 23(e).  Federal Rule of Civil Procedure 23(e) outlines a two-step process by which district courts must first determine whether a proposed class action settlement warrants preliminary approval and then, after notice of the settlement is given to class members, whether final approval is justified.  *See e.g.*, Federal Judicial Center, MANUAL FOR COMPLEX LITIGATION, FOURTH § 21.632, available online at https://www.fjc.gov/sites/default/files/materials/30/Manual%20for%20Complex%20Litigation_Fourth%20Edition_Third%20Printing_2020.pdf.  Plaintiffs now seek preliminary approval of the settlement pursuant to Federal Rule of Civil Procedure 23(e).

Rule 23(e)(1) provides that notice should be given to the class, and hence, preliminary approval should be granted, where the Court "will likely be able to": (i) finally approve the settlement under Rule 23(e)(2); and (ii) certify the class for settlement purposes.  Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).  *See also id.* 2018 Amendment Advisory Committee Notes; *McRobie v. Credit Prot. Ass'n*, 2020 U.S. Dist. LEXIS 217563, at *6-7 (E.D. Pa. Nov. 20, 2020).

First, as to Rule 23(e)(1)(B)(i), final approval is proper upon a finding that the settlement is "fair, reasonable, and adequate" after considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

15

          (iv) any agreement required to be identified under Rule 23(e)(3); and

    (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2)(A)-(D).  Here, the Court will "likely be able to" finally approve this Settlement.

Second, as explained below in Section IV(C), the Class also meets the criteria for certification of a settlement class, including all aspects of numerosity, commonality, typicality, adequacy, and predominance.  The requirement under Rule 23(e)(1)(B)(ii) is therefore met.

**B.**    <u>**The Settlement Should be Preliminarily Approved by the Court**</u>

    **1.**    **Adequacy of Representation and Arm's Length Negotiation**

In determining whether a proposed settlement should be preliminarily approved, courts may consider whether "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations."  *Schwartz v. Dallas Cowboys Football Club, Ltd.*, 157 F. Supp. 2d 561, 570 n.12 (E.D. Pa. 2001) (quoting MANUAL FOR COMPLEX LITIGATION, SECOND § 30.44).  Courts are to give considerable weight to the experience of the attorneys who litigated the case and participated in settlement negotiations.  *See e.g., Reed v. General Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983) ("[T]he value of the assessment of able counsel negotiation at arm's-length cannot be gainsaid.  Lawyers know their strengths and they know where the bones are buried."); *In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491, 509 (W.D. Pa. 2003) ("[S]ettlement negotiations took place at arm's-length between highly experience[d] and competent counsel. Their assessment of the settlement as fair and reasonable is entitled to considerable weight.").

Plaintiffs and Class Counsel have adequately represented the Class.  As described above, Class Counsel extensively investigated the applicable law as applied to the relevant facts discovered in this action, and the potential defenses thereto.  Class Counsel are experienced and

respected class action and insurance litigators. R. Ochroch Cert. ¶¶ 2-6. The settlement amount and changes in conduct are based on an intensive review of the facts and law. R. Ochroch Cert. ¶ 51. Based on Class Counsel's knowledge and expertise in this area of law, Class Counsel believe this Settlement will provide a substantial benefit to the Settlement Class. R. Ochroch Cert. ¶¶ 46, 50.

Plaintiffs participated in discovery and were deposed. R. Ochroch Cert. ¶ 42. They worked with Class Counsel, providing background information about themselves, their finances, and their experience in being denied ETE benefits. *See* R. Ochroch Cert. ¶¶ 7, 42. Upon having their claims dismissed on summary judgment, Plaintiffs successfully appealed to the Third Circuit (which included their participation in an in person settlement conference with that Court). R. Ochroch Cert. ¶ 16-19, 21, 25, 42. Plaintiffs actively monitored the litigation and reviewed the Complaint and other substantive motions. Plaintiffs also participated in the settlement negotiations. R. Ochroch Cert. ¶ 42.

The Settlement was the result of contested litigation, factual discovery, and arm's-length negotiations. The Settlement did not take place overnight. The proposed Settlement was reached only after (1) extensive discussion; (2) preparation and exchange of mediation statements; (3); exchange of data; (4) two private in-person mediation sessions; and (5) several additional months of negotiations, ultimately resulting in the attached Settlement Agreement. R. Ochroch Cert. ¶¶ 27, 40, 49, 51.

Only after agreeing to the principal terms set forth in the Settlement Agreement providing for Class Relief, Class Counsel and Defendants' Counsel negotiated Class Representative Service Awards and Attorneys' Fees and Expense Award that, following application to the Court and subject to Court approval, would be paid by Defendants. SA ¶ 59; R. Ochroch Cert. ¶¶ 35-37.

17

### 2.    Adequacy of Relief

Each of the sub-factors identified in Rule 23(e)(2)(C) weigh in favor of a finding that the relief is adequate.

#### a.    *Costs, Risks, and Delay of Trial and Appeal*

This settlement represents an exemplary result for the Settlement Class of this vigorously contested matter.  This litigation has been ongoing for more than 4 years.  *See* Philadelphia Court of Common Pleas, United States District Court, and Third Circuit Dockets, attached as Exhibit "4."  Plaintiffs' counsel has remained the same throughout the 4-plus years of litigation and has a firm grasp of the record, discovery, and legal theories.  *See* R. Ochroch Cert. ¶¶ 7-26.  Plaintiffs have conducted substantial discovery, investigated the facts and underlying events related to the claims, and carefully analyzed the applicable legal principles.  R. Ochroch Cert. ¶¶ 7-26, 39.

Class Counsel is aware of the burden of proof necessary to establish liability for the alleged claims and of Defendants' defenses thereto.  R. Ochroch Cert. ¶¶ 45, 49.  Further, Class Counsel recognizes the risk and duration of continued proceedings necessary to continue the litigation against Defendants through trial and possible appeals.  R. Ochroch Cert. ¶ 47.  There is an additional element of risk where, like in this case, the issue of class certification has not been determined.  R. Ochroch Cert. ¶ 47.

Plaintiffs have aggressively and vigorously argued Defendants' liability since the case's inception, including the alter ego / *de facto* theory of identifying Plaintiffs' actual insurer.  *See* R. Ochroch Cert. ¶¶ 7-26.  The Settlement comprises insureds across 36 different entities controlled by Travelers and more than 17,000 insureds who suffered losses over a period of more than 10 years.  SA ¶¶ 35, 45.

18

The Settlement distribution amount provides Settlement Class Members with the recovery of unpaid ETE. These amounts were aggressively debated and carefully negotiated based on a substantial investigation by Class Counsel, the review and analysis of discovery produced by Plaintiffs and Defendants, and the assistance the parties' private mediator, Hon. Diane Welsh (Ret.). *See* SA ¶ 45; R. Ochroch Cert. ¶¶ 31-32, 49, 51.

A 34% recovery of provable compensatory damages (based on Class Counsels' calculations of the August 20, 2020 claims data from Defendants) compares favorably to class action settlements receiving final approval in U.S. District Courts in the Eastern District of Pennsylvania. *See Vista Healthplan, Inc. v. Cephalon, Inc.*, 2020 U.S. Dist. LEXIS 69614, at *64 (E.D. Pa. Apr. 21, 2020) (granting final approval of class action settlement that was 11.5% of best possible recovery and comparing the settlement to other class action settlements ranging from 8.1% to 19.69% of provable damages); *Mehling v. New York Life Ins. Co.*, 248 F.R.D. 455, 462 (E.D. Pa. 2008) (granting final approval of class action settlement that was approximately 20% of the "best possible recovery" and also included prospective non-monetary relief in the form of an independent advisor to the Board of Trustees) (citing *In re Corel Corp. Sec. Litig.*, 293 F. Supp. 2d 484, 490 (E.D. Pa. 2003) (approving settlement of 15% of provable damages); *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 144 (E.D. Pa. 2000) (approving final settlement of approximately 17% of damages)).

Further, as set forth above, Defendants have agreed to related conduct changes. *See* SA ¶ 62; R. Ochroch Cert. ¶ 33.

Where, in comparison to the proposed Settlement, proceeding with litigation would require a substantial amount of time to yield a benefit to the class members, it is an indication that the proposed settlement is fair, reasonable, and adequate. *See In re Certainteed Fiber Cement Siding*

*Litig.*, 303 F.R.D. 199, 216 (E.D. Pa. 2014) ("[I]f the parties were to continue to litigate this case, further proceedings would be complex, expensive and lengthy, with contested issues of law and fact. . . .  That a settlement would eliminate delay and expenses and provide immediate benefit to the class militates in favor of approval."); *Deitz v. Budget Renovations & Roofing, Inc.*, 2013 U.S. Dist. LEXIS 75005, at *14 (M.D. Pa. May 29, 2013) ("The Court sees no reason to needlessly expend judicial resources on a matter that neither party has any interest in continuing to litigate.") (citation omitted)).

Plaintiffs have taken into account the uncertainty and risk of the outcome of the litigation and the difficulties and delays inherent in such litigation, including the recommendations of Hon. Diane Welsh (Ret.) of JAMS, who acted as the parties' private mediator on August 17, 2020 and October 21, 2020.  R. Ochroch Cert. ¶¶ 39, 47.  Ultimately, the Settlement that the parties reached reflects what Plaintiffs' counsel believes to be a fair and reasonable settlement of disputed claims that takes into account the risks that Plaintiffs would face if the case proceeded in litigation.

In the instant case, the complexity and expense of proceeding with litigation is clearly outweighed by the efficiency, financial relief, and equitable relief presented by the Settlement Agreement.  Taking into account the risks, uncertainties, burdens, and costs of further prosecution of the claims, and taking into account the substantial benefits received pursuant to the proposed Settlement, it is, in the view of the Class Representatives and Class Counsel, fair, reasonable, adequate, and in the best interests of the Plaintiffs and the Settlement Class.  R. Ochroch Cert. ¶¶ 30, 41.

> b.    *Effectiveness of Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class Member Claims*

Epiq is one of the most respected claims administrators in the country.  As explained above, Defendants will use their best efforts to update the Settlement Class List within 45 days of the

20

Preliminary Approval Order, and provide it to Epiq and Class Counsel.  SA ¶ 53.  After updating the addresses in the Settlement Class List, Epiq mail the Individual Notice and Claim Form to Class Members.  SA ¶ 53.  Any Individual Notice and/or Claim Form mailed that is returned to the Claims Administrator as undeliverable will be re-sent by first-class mail to any forwarding address provided by the United States Postal Service, or by email if the email address is known or can be provided by the Defendants.  SA ¶ 54.

Epiq will also establish a dedicated a toll-free number and website for the Settlement administration.  SA ¶ 55.

The method for processing claims is simple and straightforward.  The Claim Form contains three basic questions requesting the Settlement Class Member confirm:

- They insured a vehicle with Travelers;

- The vehicle was involved in an automobile that resulted in the automobile being declared a total loss; and

- Travelers paid the cost of a rental vehicle for 30 days or less.

SA ¶ 40; SA at Claim Form Ex. "A."  A Settlement Class Member's response to these questions with "Agree" or "I don't remember," **in any combination**, qualifies them for payment.  SA ¶ 40; SA at Claim Form Ex. "A."

Importantly, "[i]t is the intent of the parties to make all reasonable efforts to include for payment those class members who file a claim form or who reach out to counsel or the Claims Administrator and whose Class Member status has been confirmed by Defendant's Settlement Class List."  SA ¶¶ 40, 43.

c.    *The Award of Attorneys' Fees and Costs are Subject to the Court's Approval, Justified, and Included in the Notice to the Class*

After agreeing to the principal terms set forth in the Settlement Agreement providing for Class Relief, Plaintiffs' Class Counsel and Defendants' Counsel negotiated the amount of Attorneys' Fees and Expense Award that, following application to the Court and subject to Court approval, would be paid by Defendants as attorneys' fees and litigation costs directly to Class Counsel. SA ¶ 59.

Class Counsel will make, and Defendants have agreed not to oppose or contest, application for combined attorneys' fees and expenses of up to $1,210,000.00 prior to the final approval hearing. SA ¶ 59. This amount is in addition to and separate and apart from any benefits payable to the Settlement Class, SA ¶ 59, and will compensate Class Counsel for their documented expenses and for their years of intense, hard fought representation of Plaintiffs and the Settlement Class. Payment will be made within 20 days of the Effective Date. SA ¶¶ 15, 59.

The Individual Notice to the Settlement Class advises that Class Counsel will ask the Court for an award of attorneys' fees and expenses that does not exceed $1,210,000.00. SA at Individual Notice p. 7 Ex. "C."

As all the reasons justifying the requested award will be set forth in Class Counsel's application prior to the final approval hearing, on its face, the requested Attorneys' Fees and Expenses Award is reasonable.

d.    *Copy of the Settlement Agreement*

The Settlement Agreement is attached hereto as Exhibit "1." There are no other agreements that fall under Rule 23(e)(2)(C)(iv).

### 3. The Settlement Treats Each Respective Class Member Equitably

The last requirement of Rule 23(e) is that the Settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). Here the Settlement treats all class members equitably relative to one another because class members are compensated is based on the number of ETE days Travelers previously paid as part of the underlying insurance claim. *See* SA ¶ 44. These numbers are tied to the damages alleged to have been suffered by each Class Member.

### C. The Settlement Class Should be Preliminarily Certified

A party that seeks to certify a settlement class must satisfy the same requirements necessary to maintain a litigation class under Federal Rule of Civil Procedure 23. *In re General Motors Corp.*, 55 F.3d 768, 778 (3d Cir. 1995) (discussing and approving use of settlement-only classes).

The substantive terms of the settlement agreement may factor into certain aspects of the certification calculus. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619 (1997). Pursuant to Fed. R. Civ. P. 23(c)(1), the Court may "make a conditional determination of whether an action should be maintained as a class action, subject to final approval at a later date." *Fry v. Hayt & Landau*, 198 F.R.D. 461, 466 (E.D. Pa. 2000) (citing *Collier v. Montgomery Cnty. Hous. Auth.*, 192 F.R.D. 176, 181 (E.D. Pa. 2000)).

In order to obtain class certification, a party must show that all four prerequisites of Rule 23(a) are met and that the case qualifies as at least one of the matters identified in Rule 23(b). *See Baby Neal ex rel. Kanter v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (citing *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239 (3d Cir. 1975)). A case may be certified as a class action under Rule 23 when:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *Weiss v. York Hosp.*, 745 F.2d 786, 807 (3d Cir. 1984). These four threshold requirements are commonly referred to as "numerosity," "commonality," "typicality," and "adequacy of representation," respectively. *See e.g.*, *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 527 (3d Cir. 2004).

Federal Rule of Civil Procedure 23(b)(3) permits the court to certify a class in cases where "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). These dual requirements are commonly referred to as "predominance" and "superiority," respectively. *See e.g.*, *In re Constar Int'l, Inc. Sec. Litig.*, 585 F.3d 774, 780 (3d Cir. 2009).

Pursuant to the terms of the Settlement Agreement, Defendants have stipulated that, for settlement purposes only, the requisites for establishing class certification pursuant to Fed. R. Civ. P. 23 with respect to the Settlement Class Members have been and are met. SA ¶ 41. As noted, however, Defendants continue to contend that this case would not have been appropriate for certification of a litigation as opposed to a settlement class. Plaintiffs move for preliminary certification of the Pennsylvania Settlement Class and request that the Court preliminarily find that all of the requirements for class certification are satisfied for settlement purposes only.

### 1.    The Settlement Class is Sufficiently Numerous

To meet the numerosity requirement of Fed. R. Civ. P. 23(a)(1), "the class size only need be large enough that it makes joinder impracticable." *Fry*, 198 F.R.D. at 467. The proposed Settlement Class here easily meets the numerosity requirement because at least 17,000 Settlement Class Members have been identified through Defendants' records. *See* SA ¶ 45.

### 2.    The Settlement Class Seeks Resolution of Common Questions

The commonality requirement of Fed. R. Civ. P. 23(a)(2) is satisfied if the named plaintiff shares at least one question of fact or law with the grievances of the prospective class. *See Stewart v. Abraham*, 275 F.3d 220, 227 (3d Cir. 2001). "For purposes of Rule 23(a)(2) even a single common question will do." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011)

Here, Plaintiffs' and the Settlement Class Members' claims arise from Defendants' common insurance policies and practices related to ETE benefits. The alleged common issues include, for example:

(a)    Whether Travelers has a practice and/or policy of prematurely terminating ETE benefits by issuing the Rental Reimbursement / Loss of Use Notice (Rental Letter), without first determining the amount of time reasonably required to replace the insured vehicle;

(b)    Whether that conduct constitutes a breach of the Class Members' policies;

(c)    The legal import of Travelers' communication to insureds regarding ETE benefits;

(d)    Whether the practices and policies Travelers implemented in the adjustment of claims for ETE benefits violates Pennsylvania's bad faith statue, 42 Pa. C.S.A. § 8371;

(e)    Whether the Class Members are entitled to recover damages, and if so, the method of determining the amount of such recoveries; and

(f)    Whether the ETE provision is a policy limitation.

These common questions of law and fact, which Plaintiffs contend apply uniformly to all members of the proposed Settlement Class, are sufficient to satisfy the commonality requirement.

### 3.    The Claims of the Named Plaintiffs are Typical of the Settlement Class

The "typicality requirement is designed to align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 311 (3d Cir.

1998) (citations omitted).  The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied for purposes of preliminarily approving the settlement because Plaintiffs' claims are reasonably coextensive with those of absent class members and because Plaintiffs possess the same interest and suffered the same injury as the absent class members.  *See Fr*y, 198 F.R.D. at 468; *General Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 156 (1982).   "[The Third Circuit] also ha[s] set a low threshold for typicality."  *In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 428 (3d Cir. 2016) (internal quotes and citations omitted).

Here, Plaintiffs' claims for unpaid ETE benefits are typical of the claims of the Settlement Class.

### 4.    Class Counsel and Plaintiffs Satisfy the Adequacy Requirements

To meet the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4), a named plaintiff must show that: (1) the potential named plaintiff has the ability and the incentive to represent the claims of the class vigorously; (2) he or she has obtained adequate counsel; and (3) there is no conflict between the individual's claims and those asserted on behalf of the class.  *Fry*, 198 F.R.D. at 469.

The adequacy of representation requirement is met here because Plaintiffs have the same interests as the Settlement Class Members.  There is no conflict between the Plaintiffs and the Settlement Class in this case, and Plaintiffs' claims are in line with the claims of the Class.  The Plaintiffs have and will continue to aggressively and competently assert the interests of the Settlement Class, and Plaintiffs' Class Counsel is skilled and experienced in insurance litigation and insurance class actions.  R. Ochroch Cert. ¶ 44.

26

**5.      The Settlement Class Satisfies the Predominance and Superiority Requirements of Federal Rule of Civil Procedure 23(b)(3)**

Under Federal Rule of Civil Procedure 23(b)(3), class certification is appropriate if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).

For the reasons discussed above, the Settlement Class satisfies the predominance requirement.  In addition, allowing the Settlement Class Members the opportunity to participate in a class settlement that yields an immediate and substantial benefit is highly superior to having a multiplicity of individual and duplicative proceedings in this and other courts.  It is also superior to the alternative of leaving the insureds' rights unaddressed due to the difficulty of finding legal representation and filing claims on an individual basis.

**6.      The Settlement Class is Ascertainable**

In addition to the Rule 23 requirements, courts in the Third Circuit also analyze the judicially created doctrine of ascertainability when evaluating whether to certify a class.  A class is ascertainable if "(1) the class is defined with reference to objective criteria; and (2) there is a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition."  *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015).  Here, the class is defined with reference to objective criteria and the determination of whether someone is within the Settlement Class is administratively feasible because it is based on Defendants' records. The identity, amount of received rental days, and addresses of each Settlement Class Member is obtainable from Defendants' records.  Defendants have already demonstrated they can obtain these records by providing initial data on August 20, 2020.

Accordingly, Plaintiffs respectfully request that the Court provisionally certify the Settlement Class for settlement purposes only.

**D.** **The Proposed Notice Provides Adequate Notice to the Settlement Class Members and Satisfies Due Process**

The United States Supreme Court has held that notice of a class action settlement must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Further:

> "[T]o satisfy due process, notice to class members must be reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Ikon Office Solutions, Inc. Sec. Litig.*, 194 F.R.D. 166, 174 (E.D. Pa. 2000) (citations and internal quotations omitted*); see also* [*Mehling*, 246 F.R.D. at 477] (approving proposed notice for settlement class when notice "adequately informs potential class members in clear, understandable language"). Individual notice should be provided to all members who can be identified through reasonable efforts. *In re Corel Corp. Inc. Sec. Litig.*, 293 F. Supp. 2d 484 [at 491].

*Glaberson v. Comcast Corp.*, 2014 U.S. Dist. LEXIS 172040, at *18 (E.D. Pa. Dec. 12, 2014).

Here, the proposed Individual Notice and manner of distribution negotiated and agreed upon by the parties is "the best notice that is practicable under the circumstances" as required under Fed. R. Civ. P. 23(c)(2)(B). Defendants have demonstrated the ability to identify a class list from the claim information in their records, and the Individual Notice will be mailed directly to the last known address of each member (and those addresses that the Claims Administrator is able to find using reasonable investigatory methods). The Claims Administrator will also conduct a national search for updated addresses of the Class Members. SA ¶ 53. The proposed Notice, which is attached to the Settlement Agreement as Exhibit "C," is clear and straightforward, and provides information on the meaning and nature of the terms and provisions of the Settlement Agreement,

the monetary awards that the Settlement will provide to eligible Class Members, the scope of the release, the request for attorneys' fees and costs, and the procedures and deadlines for making a claim for a settlement award, opting out of the Settlement or submitting objections. *See* SA at Individual Notice Ex. "C."  Any Individual Notice and/or Claim Form mailed that is returned to the Claims Administrator as undeliverable will be re-sent by first-class mail to any forwarding address provided by the United States Postal Service, or by email if the email address is known or can be provided by the Defendants.  SA ¶ 54.  Accordingly, the Individual Notice complies with the standards of fairness, completeness, and neutrality required of a settlement class or collective notice disseminated under authority of the Court, and should be approved.

E.    **The Proposed Implementation Schedule**

The proposed schedule for the dates in the Settlement Agreement, which the parties respectfully request, is as follows:

| Date | Event |
| --- | --- |
| Within 21 days After Entry of Preliminary Approval Order | Claim Administrator establishes toll-free number and website for settlement administration.  SA ¶ 55. |
| Within 45 days After Entry of Preliminary Approval Order | Defendants update Settlement Class List and provide the Settlement Class List to the Claims Administrator and Class Counsel.  SA ¶ 52. |
| Within 75 days After Entry of Preliminary Approval Order | Claims Administrator conducts search to update Settlement Class List and sends Notice.  SA ¶ 53; Proposed Order Granting Preliminary Approval of Class Action Settlement & Directing Issuance of Notice ¶ 22. |
| | Class Administrator sends Notice.  SA ¶ 53; Proposed Order Granting Preliminary Approval of Class Action Settlement & Directing Issuance of Notice ¶ 22. |
| 14 Days Prior to Opt-Out and Objection Deadline / 44 Days Prior to Final Approval Hearing | Motion for Final Settlement Approval.  *See* Proposed Order Granting Preliminary Approval of Class Action Settlement & Directing Issuance of Notice ¶ 33. |

| | |
|---|---|
| | Motion for Service Awards, Attorney's Fees and Costs. *See* Proposed Order Granting Preliminary Approval of Class Action Settlement & Directing Issuance of Notice ¶ 33. |
| 30 Days Prior to Final Approval Hearing | Objection and Opt-Out Deadline. *See* SA ¶¶ 69-71; Proposed Order Granting Preliminary Approval of Class Action Settlement & Directing Issuance of Notice ¶¶ 25, 33. |
| Final Approval Hearing | [To Be Set By The Court] *See* Proposed Order Granting Preliminary Approval of Class Action Settlement & Directing Issuance of Notice ¶¶ 24, 33. |
| Effective Date | "The "Effective Date" of this Stipulation, shall be the first date after which all the following events and conditions have been met or occurred:<br>(1) All parties have executed this Stipulation;<br>(2) The Court has, by entry of the Preliminary Approval Order, preliminarily approved this Stipulation, the Settlement set forth herein and the method for providing notice to the Class; and<br>(3) The Court has entered the Final Approval Order and Judgment, finally approving the Settlement, and releasing the Released Persons from the Released Claims and dismissing with prejudice, and without leave to amend, the Action and all claims asserted therein, and the Final Approval Order And Judgment is fully enforceable and beyond appeal."<br><br>SA ¶ 15. |

## V.  <u>CONCLUSION</u>

Based upon the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion for Preliminary Approval and enter the accompanying Proposed Preliminary Order.

30

Respectfully submitted,

By:    /s/ Richard M. Ochroch
RICHARD M. OCHROCH & ASSOCIATES, P.C.
Richard M. Ochroch, Esq.
Brett N. Benton, Esq.
Andrew R. Ochroch, Esq.
I.D. # 21432 / 93267 / 315797
318 S. 16th Street
Philadelphia, PA 19102
Phone: (215) 735-2707
Facsimile: (215) 790-0491
*rochroch@ochroch-law.com*

LOCKS LAW FIRM
Marc P. Weingarten, Esq.
James A. Barry, Esq.
I.D. # 23718 / 209524
601 Walnut Street, Suite 720 East
170 S. Independence Mall West
Philadelphia, PA 19106
Phone: (215) 893-0100
Facsimile: (215) 893-3333
*mweingarten@lockslaw.com*

Attorneys for Plaintiffs and the putative class

Dated: 5/27/2021

## <u>CERTIFICATE OF SERVICE</u>

I, Richard M. Ochroch, Esquire, hereby certify that on the date below a true and correct copy of the forgoing Unopposed Motion and Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement were served via email and/or first class mail on the following:

Mark L. Hanover, Esquire
Dentons US LLP
233 South Wacker Drive
Suite 5900
Chicago, IL  60606
*mark.hanover@dentons.com*

Brooks R. Foland, Esquire
Allison L. Krupp, Esquire
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Drive Center
Suite 201
Camp Hill, PA  17011
*brfoland@mdwcg.com*
*alkrupp@mdwcg.com*

Vlada Tasich, Esquire
Allison Krupp, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street
Suite 2300
Philadelphia, PA  19103
*vxtasich@mdwcg.com*

**RICHARD M. OCHROCH & ASSOCIATES, P.C.**

By:     /s/ Richard M. Ochroch
        Richard M. Ochroch, Esquire; I.D. # 21432
        Brett N. Benton, Esquire; I.D. # 93267
        Andrew R. Ochroch, Esquire; I.D. # 315797
        318 S. 16th Street
        Philadelphia, PA 19102
        Phone: (215) 735-2707
        Facsimile: (215) 790-0491
        *rochroch@ochroch-law.com*
        *bbenton@ochroch-law.com*
        *aochroch@ochroch-law.com*

        Attorneys for Plaintiffs and members of the putative class

Dated: 5/27/2021