IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE STECHERT, et al.,**<br><br>    Plaintiffs,<br><br>    *v.*<br><br>**THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, et al.**<br><br>    Defendants. | **CIVIL ACTION**<br><br>**NO. 17-0784-KSM** |

## ORDER

**AND NOW**, this 9th day of November, 2021, upon consideration of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. No. 51), and all documents submitted in support thereof, it is **ORDERED** as follows:

1. Plaintiff's unopposed motion is **GRANTED** for the reasons set forth in the accompanying memorandum.

2. The Court preliminarily approves the Settlement set forth in the Stipulation of Settlement and Settlement Agreement (Doc. No. 51-1, Ex. 1), which appears to be the product of serious, informed, and extensive arm's-length negotiations between the Parties and appears to be fair, adequate, and reasonable to the Settlement Class so as to fall within the range of possible final approval.

3. The Court approves the proposed form and content of the Notice to the Settlement Class (Doc. No. 51-1, Ex. C) and orders the Parties to proceed with dissemination of the Notice as provided in the Settlement and Release Agreement.  The Court finds that the proposed process for providing notice to the Class as set forth in the Settlement and Release Agreement fulfills the

requirements of Federal Rule of Civil Procedure 23(c)(2)(A) and due process, provides the best notice practicable under the circumstances, and will provide adequate notice to all Class members.

4. Plaintiffs Kyle Stechert and Marie Stechert are appointed to act as representatives of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5. The following attorneys are appointed as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> Richard M. Ochroch
> Brett N. Benton
> Andrew R. Ochroch
> Richard M. Ochroch & Associates, P.C.
> 318 S. 16th Street
> Philadelphia, PA 19102
>
> Mark P. Weingarten
> James A. Barry
> Locks Law Firm
> 601 Walnut Street, Suite 720 East
> Philadelphia, PA 19106

6. Epiq Class Action & Mass Tort Solutions is hereby appointed to serve as the Claims Administrator and shall be responsible for administering the settlement in accordance with the terms of the Settlement Agreement.

7. All claim forms, opt-out requests, and objections shall be due within **sixty (60) days** of the date that the Class Notice mailing is commenced.

8. **Thirty (30) days** prior to the deadline for submitting claim forms, opt-out requests, and objections, Class Counsel will file with the Court any motion for attorneys' fees and costs and any motion for an enhancement award for class representatives.

9. The Claims Administrator will file proof with the Court that notice was provided in accordance with the Agreement and this Order by **April 5, 2022**.

10. Upon passage of the deadline for claims forms, opt-out requests, and objections, Class Counsel shall promptly file a motion for final settlement approval.

11. A Final Approval Hearing is scheduled for **Tuesday, April 19, 2022**, at 10:00 a.m., in Courtroom TBD of the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA.

12. The parties shall unredact Exhibit E to Plaintiffs' Memorandum of Law in Support of Their Unopposed Motion for Preliminary Approval of Class Action Settlement.[1] (Doc. No. 51-1 at 82.)

**IT IS SO ORDERED.**

*/s/ Karen Spencer Marston*

KAREN SPENCER MARSTON, J.

---

[1] Exhibit E contains a letter that is sent to Travelers' customers whose vehicles have been deemed a total loss regarding their rental reimbursement policy. (Doc. No. 51-1 at 4.) Defendants recognize that this form letter is sent to customers and thus not kept confidential. (*See* Doc. No. 58 at 51 ("[T]he whole idea is they're going to be handing this letter to people, so it's not exactly like—you know, like, you know, the nuclear codes or something.").) Because Exhibit E only contains information that is already publicly disseminated, the parties are not permitted to continue sealing the document. *Dasara v. County of Monmouth*, 832 F. App'x 788, 791 n.4 (3d Cir. 2020) (denying motion to seal because "the vast majority . . . of the material . . . is publicly available").

If the parties continue to believe sealing is justified under the common law and First Amendment standards set forth in *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019), they are directed to file a motion to seal and explain why sealing is justified under both standards.