IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE STECHERT, et al.,** | **CIVIL ACTION** |
| Plaintiffs, | |
| v. | **NO. 17-0784-KSM** |
| **THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, et al.** | |
| Defendants. | |

## ORDER

**AND NOW**, this 27th day of June, 2022, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. No. 69), Plaintiffs' Supplemental Brief in Further Support of Their Unopposed Motion for Final Approval of Class Action Settlement (Doc. No. 70), Plaintiffs' Unopposed Motion for Award of Attorneys' Fees and Expenses to Class Counsel and Service Awards to Class Representatives (Doc. No. 64), and Plaintiffs' Supplemental Brief in Further Support of Their Unopposed Motion for Award of Attorneys' Fees and Expenses to Class Counsel and Service Awards to Class Representatives (Doc. No. 71), it is **ORDERED** that the Motions (Docs. No. 69 & 64) are **GRANTED** as follows:

1. The Court certifies the following settlement class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3):

> All first party total loss vehicle claimants of personal lines private passenger auto policies issued by the following Travelers entities in Pennsylvania, Defendants THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, THE TRAVELERS COMPANIES, INC., TRAVELERS PROPERTY AND CASUALTY COMPANY, and TRAVELERS INDEMNITY

COMPANY, and additional settling parties AMERICAN EQUITY SPECIALTY INSURANCE COMPANY, DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, FARMINGTON CASUALTY COMPANY, FIDELITY AND GUARANTY INSURANCE COMPANY, FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC., NORTHLAND CASUALTY COMPANY, NORTHLAND INSURANCE COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, ST. PAUL GUARDIAN INSURANCE COMPANY, ST. PAUL MERCURY INSURANCE COMPANY, ST. PAUL PROTECTIVE INSURANCE COMPANY, THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, THE CHARTER OAK FIRE INSURANCE COMPANY, THE PHOENIX INSURANCE COMPANY, THE STANDARD FIRE INSURANCE COMPANY, THE TRAVELERS CASUALTY COMPANY, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVCO INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY COMPANY OF CONNECTICUT, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, TRAVELERS COMMERCIAL CASUALTY COMPANY, TRAVELERS COMMERCIAL INSURANCE COMPANY, TRAVELERS CONSTITUTION STATE INSURANCE COMPANY, TRAVELERS PERSONAL INSURANCE COMPANY, TRAVELERS PERSONAL SECURITY INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, CONSUMERS COUNTY MUTUAL, FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC., and FIRST FLORIDIAN AUTO AND HOME INSURANCE COMPANY, with a date of loss from January 16, 2011 to May 27, 2021, who were paid for 1-30 days under rental reimbursement extended transportation expenses coverage. Excluded from the Class are the assigned judge, the judge's staff and family.

2. The Court finds that the Notice Plan[1] and the Notice constituted the best notice practicable under the circumstances and constituted valid, due, and sufficient notice to members of the Settlement Class.

3. Pursuant to Federal Rule of Civil Procedure 23(e) and the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), the Court finds the Settlement is fair, reasonable, and adequate and **APPROVES** the Settlement.

4. The seventeen valid exclusion requests **SHALL NOT** be considered members of the Settlement Class or bound by the Release in the Settlement Agreement and may not receive any benefits of the Settlement. All remaining Class Members **SHALL** be bound by this Final Approval Order and Judgment and by the Agreement and the Settlement embodies therein.

5. As of the Effective Date, by operation of the entry of the Final Approval Order and Judgment, each Settlement Class Member shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims and Unknown Claims that the Settlement Class Members may have against all the Released Persons.

6. The Court **AWARDS** Class Counsel **$1,187,995.18** in attorneys' fees, which the Court finds are fair and reasonable based on the Court's independent analysis and consideration of the factors set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000) and *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 338 (3d Cir. 1998).

7. The Court **AWARDS** Class Counsel **$22,004.82** in out-of-pocket expenses incurred in the prosecution of this action, which the Court finds are fair and reasonable.

---

[1] Capitalized terms not defined herein are given the meaning ascribed in the Settlement Agreement.

4

       8.       The Court **APPROVES** and **AUTHORIZES** Defendants' reimbursement of **$5,385.00** to Class Counsel for the partial payment made to JAMS, as agreed in the Settlement Agreement.

       9.       The Court **AWARDS** Kyle Stechert **$20,000.00** as a Class Representative service award.

       10.      The Court **AWARDS** Marie Stechert **$20,000.00** as a Class Representative service award.

       11.      This matter is **DISMISSED WITH PREJUDICE**. The Court maintains jurisdiction over the enforcement of the Settlement.

**IT IS SO ORDERED.**

                                                                                 /s/ *Karen Spencer Marston*
                                                                                 _____
                                                                                 KAREN SPENCER MARSTON, J.